The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Thank you. Be seated. The first argued case this morning is No. 15-3135, Carson, against the Merit Systems Protection Board. Mr. Justice. May it please the Honorable Court, there is one question at the guts of this appeal. That question simply is, is the Office of Special Counsel's ignoring and refusing to perform certain minor but important non-discretionary statutory duties with retaliatory animus because Mr. Carson has reported to it and reported about it? A significant change in his working conditions. That's really it. And it is a significant change in his working conditions for a number of reasons, but one of the most important of which is that because the 1994 amendment to the Whistleblower Protection Act and the 2012 Whistleblower Protection Enhancement Act both reflect an intent of Congress. That that catch-all provision came into our law with the intent, and this is a quote, to catch any, quote, any action that was retaliatory in nature, and again, quote, regardless of form, close quote. So it's sort of implicit in our Honorable Opponent's brief that working conditions should not be interpreted that broadly and should be something in the nature of perhaps, you know, if someone were required to sit by asbestos or another dangerous substance. But it's clear Congress wanted that to be interpreted. I guess I'm still not understanding what you're saying. I mean, as I understand your argument, you're saying that others will be chilled. He obviously hasn't been chilled, right? He keeps making these reports, whether they get acted on or not. He hasn't been chilled in his willingness to make the reports, right? Well, yes, but when he referenced other people below, he was referencing that as a test. What you're saying is correct, and my client may be unchillable, but that's not really the test in our view, respectfully. The test that could be used, that he was positing, was possibly maybe you should use things like Burlington or Shivey and think about whether or not it would deter a reasonably situated employee when they are ignored in this way, and he was just positing that. Is there any other procedural vehicle by which you could try to force, essentially, the OSC to do its job? I am not aware. There have been suggestions of mandamus. However, I am not sure that that's applicable. We do think here, respectfully, it is a genuine case in controversy because it has an effect on him in terms of his working conditions if they're not processing it. Generally, if an agency completely fails to take action or do its job, then under the APA, there's the ability to make a challenge or to seek mandamus in the district court, right? There is. That is a remedy. We don't believe it forecloses this remedy, but what you're saying is absolutely correct, but we do not believe that it forecloses this remedy because of the following reasons. That ignoring Mr. Carson's complaints, because he is Mr. Carson and he's made disclosures about OSC, puts him in a state different than a lot of other employees in that because of the retaliatory animus against him, he doesn't have a functioning OSC to go to. So even if it might be a better way to go to make that mandamus action in the United States district court, certainly here he fits within this statute as well. Do you have any evidence that OSC acts more quickly on complaints by other complainants? As far as more quickly, we don't have direct evidence of that, of course, because of, so the answer is no, but because of the quick nature and the circular reasoning and saying there's no personnel action and there's no jurisdiction, of course, we'll never be in a position to get to that unless we stop OSC, respectfully, from defining downward to the catch-all category and defining downward personnel action in contravention of Congress. But isn't it, you know, with all due respect to OSC, isn't there a report from the inspector general that says that they're notoriously bad about doing this job? They are notoriously bad about doing this job, but remember the record. In other words, they're, you know, non-discriminatory in terms of their failure to make these decisions. They're non-discriminatorily bad to everyone is an argument. Let me tell you why that I don't believe that that works here to destroy Mr. Carson's claim, but I certainly see the point. The reason that doesn't work to destroy Mr. Carson's claim here, Judge O'Malley, is because that viewed in the light most favorable to him, given that they only disputed on personnel action below, right now in this record, for essentially, we're here on a motion to dismiss, essentially, is how we got up here, the equivalent thereof. For the purposes of this record right now, they did act with retaliatory animus toward him and they were having particular retaliatory animus against him. So they're really bad, in essence, if you believe that report, for everyone and they're super really bad on my client and that is an issue. And where do we infer that they're particularly bad on your client? Well, that's the record below and that's not disputed yet. If OFC had wanted to fight that battle out with Mr. Carson, it had to fight it out below. It did not fight that battle below. So that's the record that exists and what I believe Mr. Carson and myself hopefully intend to prove if we get a chance to go back below. But essentially, viewing the evidence in the light most favorable to Mr. Carson, he brought that claim of that nature and OFC didn't challenge on that basis. They could have said, hey, we do this to everybody. You were non-discriminatorily not functioning very well and this is not a problem for you. They didn't say that. On the record right now, Mr. Carson's allegations have to be accepted as true and that's why, in our respect, he needs to go back. So let me give you an analogy. What if he had made a complaint to OSHA or putting aside the split case issue to the EEOC and those entities failed to respond? Could you bring all of them before the Merit System Protection Board? It would depend on whether he had credible – in essence, in his case here, it's circumstantial and other evidence, a good faith basis to opine that they're singling him out. And so there would be one little caveat to that hypothetical and it would be would he have any basis or any thought or any reasoning to say that they were singling him out because of his history of raising concerns and things like this. It would all be whether you could infer that. Your theory on why the OSC is singling him out is that he's had multiple claims or because one of his complaints has been about OSC? Both. Both. He has multiple complaints and he's made them about OSC specifically and it's for failure to perform in accord with the intent of Congress. And so that's the theory is that the complaints are about OSC and then they're just tired of this guy with multiple complaints. So there's more than one theory on that and you've encapsulated exactly the two principal ones with your question. Can you give me any example of a case where some third party agency where a report or a complaint has been made, like OSHA, like OSC, anything else, where we've authorized the actions to go before the MSPB? The closest is WEED, where it was determined in WEED that you don't have to be in a direct relationship. That is, your employing agency doesn't have to be the one discriminating against you. It is possible that another agency that is not your... Right, but that's a very different, because that was actually an employing agency and there were categories of exceptions that were laid out. This doesn't fall into any of those categories. It doesn't follow directly into any of the categories that were referenced in WEED. That is undoubtedly true in the narrow sense. But by logic and reason, it fits within the any other significant change in working environment or workplace conditions of the Whistleblower Protection Act as amended in 1994. So our argument is not necessarily that this is a simple skip from the precedent of WEED or this is just a hop from the precedent of WEED. It's close to WEED, but you're right, there's some differences. But WEED opens a door for you. The question is whether it opens a garage door. Basically, yes, and it does for this reason. Here's why you should construe it that way, to open the garage door. The reason you should is because of the intent of Congress in the Whistleblower Protection Act of, excuse me, in the Reform Act of 1994 with the amendment in the 2012 Enhancement Act. When they said they want to catch any action that has a retaliatory animus to protect the merit system and they want to catch it regardless of form. And both those were quotes of Congress. So that's why the WEED precedent that has cracked the door should open it up. And we're only asking for minor perfunctory duties out of OSC. We're not asking for anything that will shatter the federal budget or will be earthshaking. We're simply asking for those minor, non-discretionary, statutory processing type duties. And so that's why we believe it's a reasonable ask. And it has to mean something. If you look at our honorable colleague's brief, they do cite a lot of pre-catch-all case law. And it does seem as though from time to time that OSC and MSPB are, I don't want to say pretending, but acting as if the 1994 amendments mean nothing. And that catch-all category isn't there. Well, I agree the catch-all category is important and there's all kinds of things you can envision. But I guess what I'm still trying to understand is, you know, it would be one thing if you could argue that he was chilled in making complaints because he was so afraid that they would not be listened to. But you're not making that argument because, as you say, he appears to be unchillable. Yes, that's right. But the important factor is that a reasonable person would be chilled. A reasonable employee would be chilled, and that's the test. And if there's retaliatory animus, remember the nondiscretionary duties in processing his complaints, they didn't do it under our theory of the cases has to be accepted right now. So he gets that. He has been harmed. Now, does the fact that he is so persistent and unchillable because he loves this statute and cares about it, is that in some way relevant? Well, you might speak about it as you are in terms of, well, it didn't chill him, and I get that point. But because it would chill a reasonable employee, if you want to pull down from that case law that talks about the chilling effect on a reasonable employee, you could. And we were just offering that as an option to get the panorama of the case law before this honorable court. But at the end of the day, the facts of the record right now are they didn't do those nondiscretionary duties because he's Joe Carson and because he's done what he's done in terms of complaining about their performance. And so while the question, while I undoubtedly answer your question is correct, he was not chilled. We don't think that is fatal in any way, respectfully. I would like, if there are no questions, to reserve for rebuttal or was there a question? Yes. No. You will save your rebuttal time. Let's hear from the board. Thank you. Mr. Gallagher. Good morning and may it please the court. This really is a petition for mandamus that's been cloaked as an MSPB appeal. But of course, the MSPB doesn't have mandamus authority. It's an administrative agency. The MSPB does not have general oversight over the Office of Special Counsel. Could a petition for mandamus be filed? I mean, that's a question I have because Office of Special Counsel isn't really an agency per se. Okay. So could he file a petition for mandamus to force them to do their job? I'm uncertain whether district court would accept that or not. I know Mr. Carson has previously filed for writs of mandamus in district court, but I don't know if it was against the Office of Special Counsel. So when you say it's a petition for mandamus, would it be possible? In district court? Yeah. In district court? I mean, I can't say for sure what a district court would do. Okay. So you haven't researched that question? No, I haven't found a writ of mandamus against the Office of Special Counsel. I believe he's gone to district court. But has anyone ever filed a writ of mandamus against Office of Special Counsel, or do you think in your professional opinion that anyone could? Well, it's an extraordinary writ, so I think its likelihood of success is very poor. Putting that aside. Putting that aside, sure, they could file a petition for mandamus against the Office of Special Counsel. They could do that against virtually any federal agency. So what is the authority of the board if they feel that they aren't getting from the OSC what the statute says the OSC should do? In 1989, prior to 1989, there was nothing. If you filed a complaint with special counsel and you didn't get the result that you wanted, there was really nothing you could do. You might, and there's a D.C. circuit case called Wren that the board cites in its decision that said you might be able to go to district court. But even that case didn't say you could. It said you might be able to go to district court and seek mandamus. So in 1989, Congress created this IRA appeal, and it gives the complainant who went to special counsel and did not get a favorable result the opportunity to come to the MSPB and prove their case at the MSPB. But only if they got a result. So if they sit on it for 10 years, which is what the OIG report says often happens, and they get no result, they can't appeal it, right? Well, that would be a different scenario. Isn't that the scenario he says he has here, that he's filed four complaints and they have taken no action on them? That's not my understanding. My understanding is that they closed his complaints, and he believes that they should be investigated. But they closed without taking action. Closed without taking action. So under the Whistleblower Protection Act, he has the right to come to the MSPB and prove his case. So that's even worse, is it not? When they're required to take action? Unless it's totally meritless? Or they're required to investigate? Well, first my point is the MSPB doesn't have the authority to... The right to go to the MSPB and file an IRA appeal should not be equated with the MSPB having some sort of power to tell the OSC what to do. It doesn't have that power. Do they have independent investigatory authority? Suppose they feel that this has been inadequately investigated and what they've been told, let's say prima facie, makes the case and there's been no investigation. What is the authority of the MSPB? The MSPB can hear an appeal from that individual. They can come and prove their own case. Since the special counsel is not pursuing it, they can come to the MSPB and prove it themselves. They will have the burden to bring evidence and prove their case. There is this threshold requirement of making non-frivolous allegations that this court set out in the Eunice case for the MSPB to have jurisdiction over these IRA appeals, and that's where this fails because, like I said, this is really a mandamus petition. So for any one of the complaints that he lodged with OSC that he was unhappy that they closed, for any one of them, he could have just automatically gone to the MSPB and filed an IRA, and you all would have evaluated the sufficiency of his evidence alleging whatever violations he was alleging. So he had a full opportunity to have each one of those individual complaints that he made reviewed by the MSPB. He just chose not to avail himself of that particular cause of action. That's absolutely correct. So instead of coming to the MSPB, he filed another complaint with OSC naming the special counsel as the person that took a personnel action against him. Now, the Whistleblower Protection Act... Now, let me understand, because I thought that the only right for an individual right of action appeal was where an actual decision had been rendered by the OSC, but that a refusal to even investigate did not give rise to a right to appeal. Am I wrong? What the OSC does is it closes out its investigation, and this is regarding reprisal complaints. They close their investigation, and they give that individual appeal rights, describing their right to come to the MSPB and prove their claim. That's the case when OSC decides not to prosecute the individual who's accused of being a retaliatory official. Right, but isn't there a difference between refusing to even investigate and refusing not to prosecute? Here Carson is saying that OSC won't do either. I don't know that there's a difference in terms of a right to file an eye repeal. As soon as that investigation is closed, they can come and go to the MSPB and have that individual right of action, which Congress provided in 89. That is his remedy. His remedy is not to file another complaint with OSC, naming the special counsel herself as the wrongdoer. Of course, the special counsel doesn't have authority to take a personnel action against Mr. Carson. Mr. Carson is not an OSC employee. He's not OSC personnel. The Whistleblower Protection Act in 2302B specifically says it has to be an employee with personnel authority. Well, the board refused to base its decision on that theory, right? They rejected that expressly. They were only basing its decision on the absence of any kind of adverse personnel action. Well, that's true. You argued to the board that he wasn't their employee, so he shouldn't be allowed to go forward, and the board said, no, we're not going to rely on that theory. Well, what the board said is it's not going to categorically say that you have to be an employee of the agency you're complaining about. Well, it expressly refused to base its decision on that theory, so you can't argue that theory to us because we can't rely on a theory that the board didn't rely on. No, I think it's still the case that there's two things that have to be there. It has to be a personnel action, and there has to be an individual who has authority to take that personnel action. That remains true. Now, the employee doesn't have to be employed by that agency. They could be an applicant, as was the case in Ruggieri and Weed, the case that counsel was talking about. In both cases, those were individuals who were attempting to obtain employment with an agency. I'm not disagreeing with you that you had a valid argument to make to the board, and I don't necessarily think if I were on the board, I would have made the decision to say categorically I'm not going to decide that question, but they absolutely didn't decide that question, right? So we can't. Well, I believe the board did say that this special counsel doesn't have personnel authority. I think that's in the decision. No, they quoted you by saying that, but they did not rely on that. Well, I'm representing the MSPB, not OSC. Right, but I'm saying the board did not say that. The board said we're not going to address that. We're not going to rely on that argument. Well, I think what the board said is there's no categorical rule saying that you have to be an employee of the agency that you're complaining about. But that's different, again, from saying that, I mean, it's right in the statute. There has to be personnel authority. The person taking the action has to have personnel authority. 2302B actually begins by saying any employee who has authority to take, it goes on to say personnel action, which is defined in 2302A. So that person has to have authority. Now, so that's different. That's different than saying that this individual has to be an employee of the agency they're complaining about. So there's no personnel action. There's no one, special counsel doesn't have authority to take a personnel action against Mr. Carson because she's not his employer, she's not in his chain of command, she's not deciding whether he should be hired, none of those things. And further, I think there was a question about whether there's any precedent supporting this argument that Mr. Carson's making, and there isn't. There's nothing that says that you can file a complaint against a special counsel if the special counsel has an unfavorable disposition of your complaint. And finally, I think another way of looking at this is the fact that there's no remedy. What is the remedy that Mr. Carson asked for? Well, in his complaint to OSC, he said the remedy he wanted was for OSC to, quote, stop breaking the law. Well, that's very much like mandamus, and that's not something that the MSPB has authority to order OSC to do anything like that. It has authority to hear IRA appeals, and that's it. So what does the MSPB do if so often we see a perfunctory, the OSC just doesn't say anything, except that they're not going to investigate or whatever the answer is, whatever you're asking me the answer is no. And so if the MSPB feels that further investigation is needed, what is their recourse? So Congress did not give the MSPB authority to look into OSC investigation. Because they thought the OSC would do it. They thought that they had a full, it looked, if you just look at the face of the statute, but let's say that the OSC doesn't do what may have been contemplated. Now what? Well, again, the remedy that Congress provided is that individual can come to the MSPB, since the special counsel is not taking it any further. They can take it further by coming to the MSPB. If they meet the threshold requirements, they can have a hearing, and they can put on evidence and prove their case. That's what Congress provided. But there, too, there's a gap, isn't there? Because the appellant, the petitioner, the employee presents the case. Who is to present the other side? At the board? Well, wherever the decision is being made. That's what this entire elaborate structure with the OSC is supposed to be, is it not? An even-handed investigation to bring out the facts on all sides. And so we don't have that. We see it, I think, perhaps too often, that the investigation is closed without explanation. I don't know if that's true or false, but if it is true, then it would be Congress that would do something about that. Obviously not the MSPB, since the MSPB doesn't oversee the special counsel. So it would be Congress, and ultimately, the special counsel is a presidential appointee. They're saying that they... They would be removed by the president. So you say the MSPB is powerless to somehow obtain the information that it needs in order to exercise its charge of reviewing and deciding whether this person was inappropriately treated. I'm saying that the MSPB does not have authority to oversee OSC investigations. All it has is the authority to hear IRA appeals, and that's it. It doesn't have authority to... Why can't the MSPB hire an investigator? If Congress gave the MSPB authority to hire an investigator, it could do that. But Congress has not given MSPB that authority. So the only authority that the MSPB has, again, is to hear IRA appeals. But the powerful intent of Congress entrusted to the MSPB is to assure that whistleblowers get a fair hearing. And you're saying you can't do it unless you go back and get another act of Congress? I think that the authority that you were mentioning was to investigate the claims as... Investigate OSC's handling of claims. The MSPB doesn't have that authority. They provided for the IRA so that there is a recourse explicitly provided. The recourse provided is not the MSPB doing its own investigation. The recourse provided is that it can hear these claims as a tribunal, administrative tribunal. And, of course, as this Court said over and over again, the MSPB only has the statutory authority that it has. Nothing further. It's not a court. It doesn't have any equitable powers. All it can do is do what is in the statute, what authority Congress gave it. And Congress gave it this IRA appeal authority, and Mr. Carson, of course, could have availed himself of that instead of filing yet another complaint with the special counsel against the special counsel herself, which is not a process that Congress created. There's nothing in the Whistleblower Protection Act that gives someone the right to file a complaint against a special counsel if they don't like the fact that the special counsel closed a complaint. So it doesn't fulfill the legislative intent, and you say everybody is helpless to remedy that? I didn't say that everybody is helpless to remedy that. I think that the remedy ultimately is Congress and the president, as with any other agency or any other presidential appointee. Ultimately, in the case of special counsel, the special counsel can be removed for neglect of duty by the president. Or, in an individual case, mandamus could potentially be filed in district court. Potentially. Right, and again, the MSPB doesn't have my name as authority, as I started with, and I see that my time has expired. So unless there's any further questions, I'd ask the court to affirm the MSPB's decision dismissing for lack of jurisdiction. Anything else for Mr. Gallagher? No questions? Thank you, Mr. Gallagher. Thank you. Mr. Justice? How do you deal with the remedy question? Well, the remedy question here is simply, and I think there's a couple remedy questions. One is what is the possibility of mandamus, and then the other is what is the remedy that Mr. Carson seeks. Remember, he's just asking for the performance of those certain non-discretionary duties in 1213 that he's entitled to. Just the mere investigation to the extent necessary to determine if a prohibited personnel practice has been taken. So I thought that was one of the things, in hearing the Pelley's argument, that I thought I could quickly distinguish, is that Mr. Carson, or at least I, realize that Mr. Carson is not the Attorney General of the United States. He's not necessarily a private Attorney General here. But remember, he's just asking for some little leeway. Are you sure he doesn't think he is, given all the filings? Well, somehow, but at least on this point he's got it right, because he has this right. He has a personal right to those non-discretionary duties, the substantial likelihood determination. Certain very procedural rights in the termination. None of those have anything to do with his working conditions, his personal right to have those things done. You file a mandamus. Do you know how many times we get mandamuses because one court or another or a board or another isn't acting on something swiftly enough to someone's liking? Sometimes we grant them because we say, yeah, it's taking too long. Sometimes we don't. We don't happen to be the proper forum for your mandamus in this case. But there is one you can at least try, the district courts. If you're not happy with the actions of OSC, you can try, because they're not acting swiftly enough, not acting at all, refusing to act, you can try to pursue that through mandamus, like so many people do with us on the areas over which we oversee. And here's what I would say to that. I'm not saying that he can't file a mandamus. I do respectfully think it's notable that the appellee, the MSVB, that should know, in essence, there was no clear, unequivocal answer on whether a mandamus would be followed. Why should they know? They wouldn't be the body to decide the mandamus. They wouldn't even be a party in a suit revolving the mandamus. So you expect this government counsel to know whether you should be able to file a mandamus in an unrelated suit where they wouldn't be a party, would have no say, wouldn't participate, but nonetheless you expect him to stand up here, and none of that is in your brief, so you expect him to stand up here and know the answer to a complex legal question that a different branch of government would have to decide. And that's your complaint? No, but only if that that would operate in lieu of Mr. Carson being entitled to the remedy that he's entitled to under 5 U.S.C. And so we have to think of it like this, and Mr. Carson's on a respectful view, and that is, is the importance of OSC so critical that if the OSC ignores an employee because that employee's done protected things, that that doesn't change the working conditions? The default state of the merit system in United States federal employment should be a functioning OSC. If an OSC is not protecting a particular employee, and one point I want to make before I run out of time is he got a reprimand, and he's saying they did not act on his complaint about his reprimand that he got at DOE because he's Joe Carson and he has this relationship where they have animus toward him. So that is very, very different. He may have a right to mandamus, but he's not limited to mandamus because his working conditions have been changed given how Congress defined working conditions. Any more questions for Mr. Jess? Thank you. Thank you both. The case is taken under submission.